UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

BARRY S. MILLER, ESQ.
1211 Liberty Avenue
Hillside, New Jersey 07205
973-216-7030
973-710-3099 (fax)
bmiller@barrysmilleresq.com
Attorney for Debtor

In Re:

WILLIAM J. APPLETON

Debtor.

Case No.: 23-17074

Hearing Date: 1/23/25 at 10AM

Judge: JKS

Chapter 13

**CERTIFICATION OF BARRY S. MILLER, ESQ. REGARDING CONFIRMATION**

Barry S. Miller, of full age, hereby certifies as follows:

1. I am the substituted attorney for the Debtor in this case. I filed a Substitution of Attorney on October 25, 2023.

2. I submit this certification concerning the Debtor's position, as he has communicated to me, regarding the trustee's recommendation that the Debtor's plan can be confirmed today.

3. I have no objection to the trustee's recommendation to confirm the plan today. Unfortunately, my client texted me and emailed me last night that he does want his case to be confirmed today. He emailed me, in part:

   **It doesn't appear that case will be heard tomorrow the court has not informed me. The adjournment should not be a problem because the last-minute letter was sent in short notice and if it was a real hearing scheduled it wouldn't be at 8:30 AM and I am told that**

> **nothing gets heard before 10AM. Take a look at DOC_55 dated January 21, 2025 and you will see that "The Trustee proposes to confirm this plan on January 23, 2025 and therefore further requests that all net proceeds be turned over to the Trustee for benefit of creditors. She must not know that the letter has not gone out yet. Docket 55 requests that all net proceeds be turned over to the Trustee while the combined total amount is far less than the net proceeds that I intended to use for upcoming medical care and past medical expenses. The letter is dated 1/21/2025 for the hearing scheduled 1/23/2015 leaving no remove to object to such an outlandish request. I will say one thing it will be a fabulous point in my letter to the US Trustee, FBI along with every last agency that would handle the matter along with others that would just find it entertaining to see another agency in trouble.**
>
> **. . . .**
>
> **What has slowed me down is finding so much proof of fraud and you don't have tell me that you are being threatened. Doc_55 will compliment my letter well. If you only knew how much time I have spent on looking things up and preparing for the matter to be heard you would not believe it. I have been trying to make the letter as concise as possible and will copy you before I send it. I expect a major change after the letter is received. I would like to explain more but….I got to get this complaint to the US Trustee along with others done ASAP**

4. I cannot continue to represent Mr. Appleton because our interests are adverse. I was hired to help him confirm a plan. Today is the day that it can be confirmed, upon the trustee's recommendation, but I don't have authorization from my client to confirm the plan. He wants an adjournment. I'm not sure how getting an adjournment will help him and how it will change anything that he is trying to accomplish but we are not on the same page and I will have to file a motion to withdraw.

5. Mr. Appleton did communicate to me that he objects to the trustee's limited objection to Debtor's motion to approve the medical malpractice settlement (Doc 55) that I believe is scheduled to be heard on 2/13/25. I'm not sure why that impacts in any way in confirming the plan, which I thought was the goal from the beginning of my substituted representation of him.

2

I certify under penalty of perjury that the foregoing statements are true and correct.

Dated: 1/23/25

           By:    <u>/s/ Barry S. Miller</u>
                   Barry S. Miller